No. 86-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

THE FIRST NATIONAL BANK IN HAVRE,

        Plaintiff, Cross-Appellant
        and Respondent,

   -vs-

ARNOLD E. NELSON,

        Defendant, Cross-Respondent
        and Appellant.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
             In and for the County of Hill,
             The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Morrison, Hauge, Ober, Young & Melcher; Stephen R.
        Brown, Jr., Havre, Montana

    For Respondent:

        Thompson & Swenson; Bruce E. Swenson, Havre, Montana

---

Submitted on Briefs: Feb. 26, 1987

Decided: August 18, 1987

Filed: AUG 18 1987

                                _Ethel M. Harrison_
                                    Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


This is an appeal and cross-appeal from an action on a promissory note brought before the Twelfth Judicial District Court in Hill County.

We remand for rehearing of the summary judgment proceeding.

The definitive issue on appeal is whether the District Court erred in granting partial summary judgment on the issue of liability.

The parties also raised the following issues not reached by this decision:

1. Did the District Court err in finding there was adequate consideration for this contract?

2. Did the District Court err in upholding the forced sale of certain interests in real property resulting from a mortgage foreclosure on a note signed by appellant and recorded before a declaration of homestead was filed by appellant's wife as joint tenant and did it err in denying appellant's motion for application of foreclosure proceeds?

3. Did the District Court err in granting certain pre-appeal attorney fees, paralegal fees and costs to the respondent?

First National Bank in Havre (hereinafter the Bank) brought this action to collect the amount due on a promissory note signed by defendant Nelson and to foreclose a mortgage securing repayment of the promissory note. The Bank had initially been a lender to Nelson's adult daughter, Kay Pierson, owner of Pierson's Parkway Grocery.

In May, 1984, Nelson signed the promissory note in favor of the Bank for the sum of $30,000. The Bank then distributed over $25,000 of the loan monies.

Pierson made payments on this distribution of $400 per month.

On February 6, 1985, Nelson signed an updated promissory note evidencing his indebtedness to the Bank in the amount of $25,326.59 and a mortgage securing repayment of the promissory note. The mortgage involved Nelson's interest in his home in Lot 2, Block 1, Second Sunrise Addition, Havre, Hill County, Montana. This is the note at issue in this case.

Appellant Nelson contends that partial summary judgment was erroneously granted to the Bank on the issue of liability since he raised genuine issues of material fact which precluded summary judgment.

Unfortunately we do not have the transcript of the trial court's proceedings on this issue for our reference as the tape was not retained by the Clerk of Court. Appellant claims his answer to the complaint, along with two affidavits, supports the conclusion that genuine issues of material fact exist. He raises the issues of fraud and lack of consideration as affirmative defenses and argues that any allegations of violation of the parol evidence rule are inaccurate since fraud is an exception to the parol evidence rule.

In opposition, the Bank argues that fraud was improperly pleaded by appellant who therefore should not be allowed to use fraud as an affirmative defense nor parol evidence in the form of the two affidavits which bolstered the fraud claim. The Bank argues the District Court correctly excluded consideration of the defense and the affidavits.

For an allegation of fraud, the law requires a party to plead and prove nine elements. Krone v. McCann (1982), 197 Mont. 380, 642 P.2d 584. Those requisite elements are that there be: (1) a representation; (2) falsity of representation; (3) materiality of that representation; (4) speaker's knowledge of falsity of representation or ignorance of its truth; (5) the speaker's intent that it should be relied on; (6) the hearer is ignorant of the falsity of the representation; (7) the hearer relies on the representation; (8) the hearer has a right to rely on the representation; and, (9) consequent and proximate injury was caused by reliance on the representation.

The defendant's answer attempts to plead fraud as an affirmative defense but fails to allege all of the above-mentioned nine required elements of fraud. The answer makes certain representations regarding the terms and nature of the promissory note. The trial court, however, found that fraud was not properly plead and proceeded to grant the plaintiff Bank's motion for partial summary judgment. No transcript or record of the partial summary judgment proceedings is available for this Court upon appeal. A review of the remaining record on appeal indicates no amendment to defendant's affirmative defense pleading of fraud was made at any later point.

Because of the missing record, we are unable to determine whether the defendant requested leave to amend his complaint and whether the court refused such a request. It appears an amendment would have been a simple, non-prejudicial way to eliminate the next question which was whether certain affidavits by defendant would cure his defective fraud pleading. This issue would not have arisen had the defendant been allowed to amend the complaint.

Rule 15(a), M.R.Civ.P. liberally permits a party to amend pleadings. A trial court may not unreasonably refuse to grant an application to amend a pleading. § 310, Am.Jur.2d Pleadings at 297. A pleading may be amended provided that the original cause of action or ground of defense remains the same. § 322, Am.Jur.2d Pleadings at 315. The purpose of this liberal amendment rule is to insure trial of all the issues on the facts of the case.

As a court of appeal, we cannot thus proceed beyond a determination of the summary judgment issue of law without a proper record. It is unfortunate that we must therefore remand this case to the District Court for rehearing on the issue of partial summary judgment with instructions to give full consideration of law to any motion to amend the fraud pleadings.

Because of our decision to remand this case on the issue of liability, we do not find it necessary to address the other issues raised by the parties at this time.

This case is remanded for rehearing in accordance with this Opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 5 -